NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAMILTON PARK HEALTH CARE CENTER, LTD., | Civil Action No. 13-0621 (DMC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| 1199 SEIU UNITED HEALTHCARE WORKERS EAST, | |
| Defendant. | |

**CLARK, Magistrate Judge**

This matter comes before the Court upon Plaintiff Hamilton Park Health Care Center, Ltd.'s ("Plaintiff") motions for leave to amend the complaint [Docket Entry No. 29] and for discovery [Docket Entry No. 17]. Defendant 1199 SEIU United Healthcare Workers East ("Defendant") has opposed both motions. [Docket Entry No. 33, 19]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motions. The Court considers Plaintiff's motions without oral argument pursuant to L.CIV.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to amend is DENIED and Plaintiff's motion for discovery is DENIED.

**I.  Background and Procedural History**

This case arises out of an interest arbitration proceeding between Defendant, a union, and several nursing homes (the "Tuchman Homes"), of which Plaintiff is one. (*Compl.* at ¶¶3, 6-7; Docket Entry No. 1). The arbitration was conducted by one Martin Scheinman ("Arbitrator Scheinman") and the arbitration Award ("Award") was issued on November 7, 2012. (*Id.* at ¶3).

Plaintiff has brought the instant action seeking to vacate the Award on the ground that Arbitrator Scheinman exceeded his authority under the parties' collective bargaining agreement ("CBA"). (*Id.* at ¶¶23-28). Defendant has filed a counterclaim seeking to confirm the arbitration agreement. [Docket Entry No. 9].

On July 10, 2013, Plaintiff moved this Court for leave to conduct discovery. [Docket Entry No. 17]. In its motion, Plaintiff seeks discovery concerning three alleged factual disputes: 1) whether Arbitrator Scheinman exceeded the scope of his authority under the CBA; 2) whether the arbitration was conducted fairly; and 3) whether Arbitrator Scheinman exhibited bias in favor of Defendant. (*Plaintiff's Brief in Support of Discovery* at 1; Docket Entry No. 17-1). Defendant opposed on several grounds, including that Plaintiff failed to plead as grounds for relief either an unfair hearing or bias in the first instance. (*Defendant's Brief in Opposition to Discovery* at 2; Docket Entry No. 19). As such, and as originally noted in Plaintiff's moving brief,[1] Plaintiff filed the instant motion to amend, seeking to add the aforementioned additional grounds in support of vacating the arbitration Award. Because the Court finds that discovery in this matter is premised upon what is alleged in the complaint, the Court shall first address Plaintiff's motion to amend.

## II. Motion to Amend

### a. Legal Standard

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

---

[1] *See Plaintiff's Brief in Support of Discovery* at 1 n. 2.

amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

In evaluating a motion to dismiss, the Court must accept the facts pled as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). This constraint, however, does not apply to legal conclusions. *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679, *citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007). To be plausible, the allegations made in the complaint must amount to "more than a sheer possibility that a defendant has acted unlawfully." (*Id.* at 678). In its review, the Court "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d. Cir. 2010).

The Federal Arbitration Act provides that an arbitration award may be vacated on the following grounds: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the

arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. §10(a).

      b. Arguments

Plaintiff seeks to add the additional grounds of unfair hearing and arbitrator bias to its allegations in support of vacating the Award. With respect to its claim of an unfair hearing, Plaintiff points to the fact that Arbitrator Scheinman conducted *ex parte* meetings with the parties and alleges that Plaintiff was "denied the opportunity to object to the introduction of evidence or cross-examine any witnesses introduced." (*See Proposed Amended Complaint* at ¶34; Docket Entry No. 29-2). Moreover, Plaintiff alleges that "[t]he Award lacks any references to evidence typically submitted in interest arbitration proceedings" and concludes that this is evidence "that Arbitrator Scheinman had pre-determined the award – all in favor of [Defendant]." (*Id.* at ¶35).

As to arbitrator bias, Plaintiff cites to Defendant's 2012 Form LM-2 Labor Organization Annual Report (the "2012 LM-2") which was filed with the United States Department of Labor. (*Id.* at ¶36). Plaintiff claims that Defendants 2012 LM-2 reveals that Arbitrator Scheinman received $874,636.00 in 2012 alone, which "represents 73.5% of [Defendant's] expenditures for arbitration services" for that year. (*Id.* at ¶¶37-38) (emphasis omitted). Additionally, Plaintiff questions not only the amount of payments made to Arbitrator Scheinman, but the timing as well, arguing that a single payment of $26,205.00 on December 27, 2012 is "[p]articularly curious" in light of prior payments during the month totaling $30,222.00. (*Id.* at ¶39).

Plaintiff argues that Defendant will not suffer any prejudice by virtue of the amended complaint, as "this case has not…proceeded beyond the pleading stage" and the amended complaint "does nothing more than further elucidate [Plaintiff's] allegations regarding the unfairness of the proceedings and Arbitrator Scheinman's evident partiality in favor of [Defendant]." (*Pltf. Br. Supp. of Amendment* at 4). Plaintiff further contends that Defendant was on notice of Plaintiff's intention to seek vacatur of the arbitration on the grounds of inappropriate conduct by pointing to a letter that was filed in a collateral action. (*Id.*)

Defendant contends that "the original complaint contains no allegations of arbitrator bias or partiality." (*Deft. Br. Opp. to Amendment* at 1). Defendant further argues that any such amendment would be futile. (*Id.* at 2). First, Defendant contends that Plaintiff has failed to state a claim for arbitrator bias. In support, Defendant notes that its previous LM-2 reports from 2010 and 2011 were available to Plaintiff as public records and "showed that [Defendant] paid Arbitrator Scheinman in excess of $900,000 in each of these years, more than [Defendant] paid to him in 2012." (*Id.* at 2, n.3). Defendant points out that this information was available to Plaintiff prior to the Complaint being filed. Further, Defendant argues that the 2012 LM-2 "demonstrates only that Arbitrator Scheinman is in high demand, and is highly compensated, by unions and employers alike." (*Id.* at 4). Indeed, Defendant notes that arbitrators are paid equally by unions and employers for each individual arbitration. (*Id.*) Lastly, as to the December 2012 payments, Defendant argues that "[Plaintiff's] curiosity suggests nothing more than the 'mere possibility' of misconduct and is therefore insufficient to support its motion to amend the complaint." (*Id.*) Defendant further notes that the payments made in December 2012 amount to less than one-twelfth of the payments made to Arbitrator Scheinman in 2012. (*Id.* at 4-5). As such,

Defendant submits that Plaintiff's claim for vacatur of the arbitration Award on the basis of arbitrator bias fails to state a claim upon which relief can be granted.

Second, as to Plaintiff's allegation that the hearing was unfair, Defendant argues that Plaintiff failed to raise an objection to the *ex parte* meetings prior to the Award being issued and thus, waived any right to challenge it now. (*Id.* at 6). Further, Defendant submits that "there is nothing inherently unethical about an arbitrator meeting *ex parte* with parties to an arbitration." (*Id.*) Lastly, as to Plaintiff's argument that the Award lacked reference to evidence, Defendant maintains that "[i]t is well-established that an arbitrator need not explain the reasons for its decision." (*Id.* at 7, *citing O.R. Securities, Inc. v. Professional Planning Assocs., Inc.,* 857 F.2d 742, 747 (11th Cir. 1988)) (internal citation omitted). In this regard, Defendant urges this Court to deny Plaintiff's motion on the grounds of futility.

    c.  Analysis

First, the Court finds that Plaintiff's claim of arbitrator bias fails. Under subsection (2) of 9 U.S.C. §10(a), an arbitration may be vacated where "evident partiality" is shown. The Third Circuit has held that "[a]n arbitrator is evidently partial only if a reasonable person would *have* to conclude that she was partial to one side." *Freeman v. Pittsburgh Glass Works, LLC,* 709 F.3d 240 (3d. Cir. 2013) (emphasis added). Plaintiff has only given the Court the amount of money Arbitrator Scheinman was paid by Defendant for one year, and the percentage of Defendant's arbitration fees that were attributable to Arbitrator Scheinman. Plaintiff has not provided Arbitrator Scheinman's complete salary as compared to other arbitrators, or what percentage of Arbitrator Scheinman's salary was derived from Defendant. Without more, there is simply no context from which the Court could find that Plaintiff's claim is plausible on its face.[2] Even when

---

[2] The Court also notes that Plaintiff may argue that it needs the discovery sought through its prior motion to properly

viewed in the light most favorable to Plaintiff, a reasonable person would not *have* to conclude that Arbitrator Scheinman was partial to Defendant. Likewise, the Court finds nothing particularly curious about the December 2012 payments made to Arbitrator Scheinman. As Defendant correctly notes, the total payments received during that month were actually less than proportional to the payments received throughout the rest of the year. Accordingly, the Court finds that Plaintiff's request to add bias as a ground for vacatur must be denied.

Additionally, the Court finds that Plaintiff's claim that the hearing was unfair similarly fails to state a claim. Under subsection (3) of 9 U.S.C. §10(a), an arbitration award may be vacated where the arbitrator was "guilty of misconduct…in refusing to hear evidence pertinent and material to the controversy[] or of any other misbehavior by which the rights of any party have been prejudiced[.]" Plaintiff alleges that Arbitrator Scheinman conducted an *ex parte* hearing wherein he "continu[ed] to take testimony and receive evidence without providing [Plaintiff] with an opportunity to cross-examine and/or rebut such evidence." (*Prop. Am. Compl.* at ¶33). Plaintiff further alleges that it "was denied the opportunity to object" to the *ex parte* meeting. (*Id.* at ¶34). However, Arbitrator Scheinman's Award states that the parties agreed to hold *ex parte* meetings and there is no mention of Plaintiff attempting to object to same. Indeed, Plaintiff also conducted an *ex parte* meeting with Arbitrator Scheinman on April 26, 2012. (*Id.* at ¶18). As such, the Court finds Plaintiff's allegation to be without merit. *See Teamsters, Chauffeurs, etc. v. E.D. Clapp Corp.,* 551 F.Supp. 570, 576 (N.D.N.Y. 1982) (finding that both parties were "guilty of having *ex parte* communications with the arbitrator" and dismissing an argument for misbehavior on that ground). Lastly, Plaintiff alleges that Arbitrator Scheinman "failed to consider arbitration briefs which would have provided the parties with an opportunity to frame the issues and provide

---

allege bias on behalf of Arbitrator Scheinmen. However, the Court would not be persuaded by such an argument. Arbitrator Scheinman's fees are a matter of public record, as are the fees of other comparable arbitrators.

evidentiary support for their respective positions." (*Id.* at ¶19). Plaintiff fails to specify these documents or the substance included therein. Furthermore, Plaintiff does not allege that the failure to consider such evidence had any bearing on the outcome of the award or that it prejudiced any party. Under the statute, any evidence must be "pertinent and material to the controversy" to state a claim for vacatur. 9 U.S.C. §10(a)(3). As such, even when viewed in the light most favorable to Plaintiff, the Court finds that these allegations do not state a plausible claim for relief. As such, Plaintiff's motion to amend is DENIED.

### III. Motion for Discovery

  a. Legal Standard

In post-arbitration proceedings, discovery is generally not allowed by the Courts. *See O.R. Securities, Inc. v. Professional Planning Addocs., Inc.,* 857 F.2d 742, 748 (11th Cir. 1998). This is because Courts recognize that "arbitration is intended to be a relatively prompt and inexpensive procedure." *Frere v. Orthofix, Inc.,* 99 Civ. 4049 (RMB)(MHD), 00 Civ. 1968 (RMB)(MHD), 2000 U.S. Dist. LEXIS 17467 at *12-13 (S.D.N.Y. Dec. 6, 2000). "[D]iscovery in a post-arbitration judicial proceeding to confirm or vacate…is available only in limited circumstances, where relevant and necessary to the determination of an issue raised by such an application." (*Id.* at *12). "The inquiry…is keyed to the specific issues raised by the party challenging the award and the degree to which those issues implicate factual questions that cannot be reliably resolved without some further disclosure." (*Id.* at *15) (internal citations omitted). However, courts have recognized that certain allegations require discovery in order to be properly evaluated. "[R]equested discovery that is plainly relevant to colorable claims of arbitral bias or misconduct may properly be granted." *National Hockey League Players' Ass'n v. Bettman*, 1994

U.S. Dist. LEXIS 1160 at *5 (S.D.N.Y. Feb. 4, 1994).

      b. Arguments

Plaintiff argues that discovery should be permitted with respect to the three grounds it proffers for vacatur of the arbitration award: 1) whether Arbitrator Scheinman exceeded the scope of his authority under the CBA; 2) whether the arbitration was conducted fairly; and 3) whether Arbitrator Scheinman exhibited bias in favor of Defendant. (*Pltf. Br. Supp. Disc.* at 1). Because the Court has found that Plaintiff has failed to state a claim for either arbitrator bias or an unfair hearing, it shall not address the concerns raised in 2) or 3).

As to the first issue, Plaintiff argues that "[t]here is a clear fact dispute as to whether Arbitrator Scheinman had the authority to change the terms of the CBA and issue a multi-year award…an issue that goes to the heart of whether the Award decided issues beyond those that the parties agreed[.]" (*Id.* at 12). Plaintiff contends that a writing was required to change the terms of the CBA and that no such writing was ever executed by the parties. (*Id.* at 5). Plaintiff further claims that the clients "never agreed to change the terms of the CBA and expand Arbitrator Scheinman's jurisdiction to allow him to issue a multi-year award[.]" (*Id.* at 6). As such, Plaintiff submits that discovery on this issue is relevant and necessary. (*Id.*)

Defendant opposes Plaintiff's motion, arguing that no discovery is warranted. As to the issue concerning whether the CBA was amended to allow Arbitrator Scheinman to give such an award, Defendant submits that discovery is unnecessary because no factual dispute exists. In this regard, Defendant "does not dispute…that a signed writing of the parties authorizing a multi-year award *does not exist*." (*Deft. Br. Opp. Disc.* at 8) (emphasis added). Consequently, Defendant argues that "the issue presented is purely a legal question" and "there is no basis for obtaining

discovery." (*Id.*) Further, as to Plaintiff's claim that the client never authorized an extension, Defendant argues that it is only counsel's communications to the arbitrator which are relevant. (*Id.*) Therefore, Defendant submits that there is "no evidence to dispute Arbitrator Scheinman's finding that the parties agreed to permit him to issue a multi-year award." (*Id.* at 9).

In reply, Plaintiff states that although Defendant admits that no writing exists, Defendant "fails to provide any clarity as to the manner and method by which the parties changed the terms of the [CBA.]" (*Pltf. Br. Reply* at 2; Docket Entry No. 23). In addition, Plaintiff argues that its counsel for the Tuchman Homes, Morris Tuchman, Esq. ("Attorney Tuchman"), never consented to a modification of the CBA. (*Id.* at 3).[3]

Defendant was granted leave to file a surreply. Defendant noted that the proposed declaration of Attorney Tuchman was unsigned and therefore, created no possible factual dispute as to whether Plaintiff consented to a multi-year Award. (*Deft. Br. Surreply* at 3; Docket Entry No. 25). Further, Defendant notes that Plaintiff has not challenged that Attorney Tuchman "was its authorized representative in the interest arbitration." (*Id.*) Therefore, Defendant requests that the Court deny discovery.

    c. <u>Analysis</u>

The Court finds that Plaintiff has not demonstrated that discovery is warranted with respect to its sole ground for vacatur of the arbitration award. Discovery is rarely given in post-arbitration proceedings and is only necessary for issues which "implicate factual questions that cannot be reliably resolved without some further disclosure." *Frere*, at *15. Whether a

---

[3] The Court notes that the declaration of Morris Tuchman, Esq., attached to Plaintiff's Reply is unsigned and indeed, resulted in several additional letters being filed by the parties. On August 30, 2013 counsel for Plaintiff filed a supplemental declaration advising that Attorney Tuchman refused to sign his own declaration. (Docket Entry No. 26). Defendant subsequently moved to strike the supplemental declaration as "unauthorized and untimely." (Docket Entry No. 28). Plaintiff objected, arguing that the supplementation was "necessary and proper" and merely clarified counsel's efforts to get Attorney Tuchman to sign the declaration. (Docket Entry No. 31). As such, the Court shall allow the supplemental declaration and denies Defendant's request to strike same.

writing is required to modify or change the terms of the parties' CBA is a legal question and not a factual one. Defendant has stipulated that no such writing exists and relies on the proposition that the CBA did not require a writing in order for Arbitrator Scheinman to issue a multi-year award. Furthermore, as to the question of whether Attorney Tuchman gave consent on behalf of Plaintiffs to authorize Arbitrator Scheinman to issue a multi-year award, the Court finds that this issue as currently presented does not justify post-arbitration discovery. First, the Court considers well-taken Defendant's observation that with respect to the issue of consent, only counsel's communications to the arbitrator are relevant. More importantly, Plaintiff has failed to make a showing sufficient to justify an order compelling discovery. Plaintiff has not shown that consent to a modification of the CBA was not given insofar as it could not produce a signed affidavit to that effect. More troublingly, Plaintiff has openly admitted that Attorney Tuchman refused to sign such an affidavit. Accordingly, Plaintiff's motion for discovery on this issue is DENIED.

**IV.     Conclusion**

For the reasons set forth above, Plaintiff's motion to amend is DENIED and Plaintiff's motion for discovery is DENIED. An appropriate Order shall accompany this Opinion.


Dated: November 13, 2013

s/   James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
